UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL ROBERT FRARY,

    Plaintiff,

v.

GREGORY J. AHERN,

    Defendant.

Case No. 22-cv-02579-WHO (PR)

**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff Daniel Robert Frary's 42 U.S.C. § 1983 complaint is DISMISSED with leave to file an amended complaint on or before **October 10, 2022**. He names only one defendant, Sheriff Gregory Ahern, but fails to state specific facts establishing that Ahern is liable. His amended complaint must state specific facts that tie a defendant to an alleged wrong. Failure to file a proper amended complaint by October 10, 2022, or a failure to comply in every respect with the instructions given in this order, may result in the dismissal of this suit and the entry of judgment in favor of defendant.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

1  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial
2  plausibility when the plaintiff pleads factual content that allows the court to draw the
3  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting
4  *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal
5  conclusions cast in the form of factual allegations if those conclusions cannot reasonably
6  be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55
7  (9th Cir. 1994).

8  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
9  elements:  (1) that a right secured by the Constitution or laws of the United States was
10 violated, and (2) that the alleged violation was committed by a person acting under the
11 color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Frary's allegations in full are as follows:  "I was placed in upper A-3 pod on February 2, 2022[.]  The bathroom and the shower have a heavy infestation of [b]lack mold.  I have Deputy Landrum as a witness." (Compl., Dkt. No. 1 at 2.)  Sheriff Ahern is the sole defendant Frary names.

This is insufficient to state any claim for relief because Frary has not linked Ahern to any alleged wrong and he cannot be held liable simply because he is the sheriff.  There is no respondeat superior liability under § 1983, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), which means that a person is not automatically held responsible simply because he or she is a supervisor of an employee who commits a wrong.  It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.*  Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 675-82.  Simply put, a person cannot be held liable for a constitutional violation under 42

1    U.S.C. § 1983 unless they were integral participants in the unlawful conduct. *Keates v.*
2    *Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018). There is nothing in the complaint that
3    establishes Ahern's personal knowledge or involvement.
4        Frary is encouraged to consider the following when amending his complaint: "A
5    person deprives another 'of a constitutional right,' within the meaning of section 1983, if
6    he does an affirmative act, participates in another's affirmative acts, or omits to perform an
7    act which he is legally required to do that causes the deprivation of which [the plaintiff
8    complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v.*
9    *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation is individualized and
10   focuses on the duties and responsibilities of each individual defendant whose acts or
11   omissions are alleged to have caused a constitutional deprivation. *Id.* Frary may wish to
12   focus his allegations on the persons he had direct contact with, such as staff members who
13   are responsible for cleaning the cells or who provide inmates with cleaning materials. He
14       In addition, Frary has not alleged why or how the presence of the mold constitutes
15   an Eighth Amendment violation. The treatment a prisoner receives in prison and the
16   conditions under which he is confined are subject to scrutiny under the Eighth
17   Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). Substantial deprivations
18   of shelter, food, drinking water or sanitation can be sufficiently serious to be actionable
19   under the Eighth Amendment. *Johnson v. Lewis*, 217 F.3d 726, 732-733 (9th Cir. 2000);
20   *see Taylor v. Riojas, et al.*, 141 S. Ct. 52, 53-54 (2020) (2020) (per curiam) (four days in
21   cell covered "nearly floor to ceiling, in massive amounts of feces: all over the floor, the
22   ceiling, the window, the walls, and even packed inside the water faucet," followed by two
23   days in "frigidly cold cell" with sewage on the floor and no bed or clothes such that
24   plaintiff was "left to sleep naked in sewage" violates the Eighth Amendment); *Hearns v.*
25   *Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in
26   disciplinary segregation yard for a period of nine months, including toilets that did not
27   work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of
28   cold water even though the temperature in the prison yard exceeded 100 degrees, enough

United States District Court
Northern District of California

to state a claim of unconstitutional prison conditions); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), *amended*, 75 F.3d 448 (9th Cir. 1995).  But while the Constitution does not permit inhumane prisons, it does not mandate comfortable ones.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The Complaint needs more facts to support that the existence of black mold constitutes a substantial deprivation actionable under the Eighth Amendment.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **October 10, 2022.**  The amended complaint must include the caption and civil case number used in this order (22-02579 WHO (PR)) and the words FIRST AMENDED COMPLAINT must be written on the first page.  <u>The amended complaint must also appear on this Court's form, a copy of which will be sent to him.</u>  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from any prior complaints by reference.  Failure to file an amended complaint in accordance with this order may in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:**  September 1, 2022



WILLIAM H. ORRICK
United States District Judge

4