UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROBERT FRARY,<br>　　　　　Plaintiff,<br>　　v.<br>P. ATKINSON, et al.,<br>　　　　　Defendants. | Case No. 22-cv-02579-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

# INTRODUCTION

Plaintiff Daniel Robert Frary alleges in his 42 U.S.C. § 1983 amended complaint that he was placed in a cell with mold on the ceiling and walls. However, his allegations fail to link his named defendants to the alleged wrong, and they do not contain sufficient facts showing a deprivation substantial enough to violate the Eighth Amendment. Accordingly, this civil rights action is DISMISSED.

# DISCUSSION

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

1    A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Frary's original complaint was dismissed with leave to amend because the only defendant he named was Sheriff Gregory Ahern, whom he failed to link to any alleged wrong, and because he had not alleged why or how the presence of the mold constitutes an Eighth Amendment violation. (Order Dismissing Complaint, Dkt. No. 8 at 2-3.)

The amended complaint is likewise insufficient. He names four defendants (Atkinson; Carausu; Taylor; Landrum; and Gaston) at the Santa Rita County Jail, but only Landrum appears in the factual allegations, and plaintiff has not established that Landrum is responsible for overseeing cell cleanliness. "A person deprives another 'of a constitutional right,' within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). <u>The inquiry into causation is individualized and focuses on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have</u>

caused a constitutional deprivation. *Id.*

Substantial deprivations of shelter, food, drinking water or sanitation can be sufficiently serious to be actionable under the Eighth Amendment. *See Johnson v. Lewis*, 217 F.3d 726, 732-733 (9th Cir. 2000); *see Taylor v. Riojas, et al.*, 141 S. Ct. 52, 53-54 (2020) (2020) (per curiam) (four days in cell covered "nearly floor to ceiling, in massive amounts of feces: all over the floor, the ceiling, the window, the walls, and even packed inside the water faucet," followed by two days in "frigidly cold cell" with sewage on the floor and no bed or clothes such that plaintiff was "left to sleep naked in sewage" violates the Eighth Amendment); *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), *amended*, 75 F.3d 448 (9th Cir. 1995). Plaintiff's allegations do not meet this standard.

Frary states without elaboration that there was black mold on the ceiling and walls of his cell. That is clearly not a good thing, but he must allege more for it to constitute an Eighth Amendment violation. He does not describe the extent of the mold, how long he was exposed to it, or how it has injured him or otherwise posed significant health concerns. For this reason, the complaint will be dismissed without prejudice. If he can identify the person/people responsible for addressing mold-related or cell-cleanliness related issues, and can allege the mold's extent, the duration he has been exposed and how it has affected him in a way that meets Eighth Amendment standards, he should file an amended complaint with those details.

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice to plaintiff moving

1  to reopen the action if he believes he can (i) state facts pointing to a substantial
2  deprivation, <u>and</u> (ii) link all his named defendants to the alleged wrong.  Any such motion
3  must have the words MOTION TO REOPEN written on the first page and contain an
4  amended complaint.

5　　　　Any amended complaint must include the caption and civil case number used in this
6  order (22-02579 WHO (PR)) and the words SECOND AMENDED COMPLAINT must be
7  written on the first page.  The amended complaint must also appear on this Court's form.
8  Because an amended complaint completely replaces the previous complaints, plaintiff
9  must include in his first amended complaint all the claims he wishes to present and all of
10 the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.
11 1992).  He may not incorporate material from any prior complaints by reference.

12　　　　The Clerk shall enter judgment in favor of defendants, and close the file.

13　　**IT IS SO ORDERED.**

14 **Dated:**  February 14, 2023



WILLIAM H. ORRICK
United States District Judge

4